UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IBRAHIM X. JOHNSON,

                            Plaintiff,

-against-

NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS; MARIA MARCHIANO; EDWARD EDWARDS; MARCIA GRANT; YESSENIA RAMOS CRUZ,

                            Defendants.

24-CV-7267 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Ibrahim X. Johnson, who is proceeding *pro se*, alleges that his employer, the New York City Office of Administrative Trials and Hearings ("OATH") discriminated against him because of his age and gender. The Court construes the complaint as asserting race and sex discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), age discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), and race, sex, and age discrimination claims under the New York State and City Human Rights Laws ("HRL"). He names as Defendants OATH and four individuals, Maria Marchiano, Edward Edwards, Marcia Grant, and Yessenia Ramos Cruz.

      By order dated November 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the amended complaint.[1] On August 13, 2024, Plaintiff filed a charge with the New York State Human Rights Division and the Equal Employment Opportunity Commission ("EEOC") "because I had a grievance against . . . OATH." (ECF 1, at 5.) Plaintiff states that he "formally accused OATH of violating federal and state laws that prohibit Age and Gender discrimination." (*Id.*) "On August 30th, 2024, NYC OATH terminated my employment under the pretext that they 'no longer needed my services.'" (*Id.*) Plaintiff claims that "OATH's custom of terminating employees after they file discrimination complaints violates the 1st Amendment rights of the grieving employees." (*Id.*)

---

[1] The Court quotes from the amended complaint. All spelling, grammar, and capitalization are as in the original, unless otherwise noted.

In addition to OATH, Plaintiff names as defendants three OATH employees: (1) Maria Marchiano, Chief Clerk of an OATH location at 66 John Street; (2) Edward Edwards, an OATH Hearing Support Manager at the same John Street location; and (3) Marcia Grant, the Chief of Human Resources, also at the OATH John Street location. Plaintiff also names as a defendant Yessenia Ramos Cruz, a Branch Manager at an unidentified entity, located in the Bronx. Plaintiff does not plead any facts regarding these four individuals.

Plaintiff seeks to be reinstated at OATH and to recover money damages.

## DISCUSSION

A.   **Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

The complaint does not comply with Rule 8 because it does not state facts suggesting that Plaintiff is entitled to relief from the Defendants. Plaintiff asserts that OATH discriminated against him because of his age and gender, but he does not allege any facts in support of this assertion. Moreover, although he claims that OATH retaliated against him after he filed a claim of discrimination, he does not state any facts describing why he believes that his filing a charge

3

with the DHR and the EEOC caused OATH to fire him. Finally, Plaintiff does not state any facts describing how the three OATH employees were involved personally in his firing or how the fourth individual, Cruz, participated in any discriminatory conduct related to Plaintiff's employment. Accordingly, the Court grants Plaintiff leave to file an amended complaint to state facts in support of his claims under Title VII, the ADEA, and the New York State and New York City HRLs.

    1.    **Title VII**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statutes. 42 U.S.C. § 2000e-3(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by that statute, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. Still, the plaintiff need only provide "minimal support for the proposition that the [defendant] was motivated by discriminatory intent." *Id.* at 85 (quotation marks omitted). "In making the plausibility determination, the court must be mindful of the 'elusive' nature of intentional discrimination." *Id.* at 86 (citation omitted).

Plaintiff's allegations do not give rise to a plausible inference of discrimination based on his race or sex because the complaint does not include facts suggesting that Plaintiff's race or sex were factors in OATH's decision to terminate him. The Court therefore grants Plaintiff leave to state facts in support of his Title VII claims in an amended complaint.

    **2.**    **Age Employment Discrimination Act**

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It also makes it unlawful to retaliate against employees who oppose discriminatory practices barred by the ADEA. *Id.* § 623(d). The statute protects workers who are at least forty years old from discrimination because of their age. *See* 29 U.S.C. § 631(a).

To state a claim under the ADEA, a plaintiff must allege that an employer took adverse action because of the plaintiff's age; that is, that age was *the* reason the employer took an adverse action. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174, 176 (2009). "Thus, to establish age

discrimination under the ADEA, 'a plaintiff must prove that age was the but-for cause of the employer's adverse decision.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302-03 (2d Cir. 2021) (quoting *Gross*, 557 U.S. at 176)).

Plaintiff does not allege facts suggesting that Plaintiff's age was the reason OATH fired him. The Court therefore grants Plaintiff leave to allege facts in support of his ADEA claims in an amended complaint.

### 3. New York State and New York City Human Rights Laws

Individual defendants may be held liable under the New York State and New York City HRLs. The State HRL provides for individual liability for "any person" who aids and abets an employer's discrimination. N.Y. H.R.L. § 296(6). The City HRL makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so." N.Y.C. Admin. Code § 8–107(6).

Plaintiff names three OATH employees, but he does not state any facts suggesting their personal involvement in any discriminatory conduct. Should Plaintiff wish to pursue claims against Marchiano, Edwards, and Grant in an amended complaint, he must allege facts suggesting they participated in discriminatory conduct related to Plaintiff's employment.

Plaintiff also names a fourth individual, Cruz, but it is unclear her role in Plaintiff's employment. Should he pursue claims against this defendant, he also must allege facts tying her to his discrimination claims in his amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Title VII, the ADEA, and the New York State and City HRLs, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**PRO SE LAW CLINIC**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center (the "CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments at the Thurgood Marshall Courthouse in Manhattan and at the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Remote appointments are also available Monday through Friday, 10am to 4pm.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-7267 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such

failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

A CBJC flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 20, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☐ Yes      ☐ No

# AMENDED

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I. **PARTIES**

A. **Plaintiff Information**

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

---
First Name          Middle Initial          Last Name

---
Street Address

---
County, City                    State               Zip Code

---
Telephone Number                Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:
---
Name

---
Address where defendant may be served

---
County, City                    State               Zip Code

Defendant 2:
---
Name

---
Address where defendant may be served

---
County, City                    State               Zip Code

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐ race: _____

   ☐ color: _____

   ☐ religion: _____

   ☐ sex: _____

   ☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

IV.  STATEMENT OF CLAIM

A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☐  retaliated against me

☐  harassed me or created a hostile work environment

☐  other (specify): _____
   _____

B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

Address          City          State          Zip Code

Telephone Number          E-mail Address

Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court